1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

**SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| SONIC FREMONT, INC., | Case No. 12-cv-04537 NC |
| Plaintiff, | **ORDER GRANTING MOTION TO COMPEL ARBITRATION** |
| v. | Re: Dkt. No. 1 |
| IBRAHAM FAIZI, RAYMOND BALBA, KARNAI RAM, and MANMEET SINGH, | |
| Defendants. | |

12
13
14
15
16
17
18

Sonic Fremont, Inc. moves to compel arbitration of its claims against defendants
Ibrahim Faizi, Raymond Balba, Karnail Ram, and Manmeet Singh. The issues are
(1) whether this Court has jurisdiction to compel arbitration, and (2) whether the claims fall
within the scope of the arbitration agreement. Because Sonic pleads claims under federal
law that are within the scope of the arbitration agreement, the Court GRANTS the motion to
compel arbitration.

19
20
21
22
23

### I. BACKGROUND

24

**A.     Sonic's Motion to Compel Arbitration**

25

This dispute arises out of defendants' alleged breaches of their fiduciary duties as
management employees, conversion of company property, intentional interference with
corporate opportunities, fraud, and racketeering. Dkt. No. 1 at 8. At the time of

26
27
28

1  defendants' alleged actions, Sonic Fremont, Inc. operated a retail automobile dealership in

2  Fremont, California, and defendants Ibrahim Faizi, Raymond Balba, Karnail Ram, and

3  Manmeet Singh were management employees of Sonic.  *Id.* at 2-3, 6; Dkt. No. 5 at 2.

4  Sonic alleges that, in violation of company policy, defendants resold at a profit vehicles

5  purchased from Sonic for personal use, which resulted in a loss to Sonic.  Dkt. No. 1 at 7.

6  Sonic also alleges that defendants misappropriated from the dealership sensitive

7  information about customer identities and financial data.  *Id.*  Defendants formed Pacific

8  Motors, LLC, a competing used car dealership, which is the alleged recipient of the profits

9  and customer information defendants misappropriated.  *Id.*  Sonic alleges that defendants

10  used wire transfers, financial institutions, and financial instruments in order to effectuate

11  the sales of vehicles and set up Pacific Motors.  Dkt. No. 16 at 5.  Sonic alleges that this

12  conduct constitutes a pattern of racketeering in violation of the Racketeer Influenced and

13  Corrupt Organizations ("RICO") Act.  Dkt. No. 1 at 3; Dkt. No. 16 at 5.

14      Sonic filed a motion to compel arbitration of its dispute with defendants arguing

15  (1) that this Court has subject matter jurisdiction over the dispute because it has stated a

16  federal cause of action under the RICO Act and (2) that the claims arise out of the

17  defendants' employment with Sonic.  Dkt. No. 1 at 4-8.

18  **B.   Defendants' Opposition**

19      Defendants oppose the motion, arguing (1) that this Court lacks subject matter

20  jurisdiction because Sonic has failed to state any facts that support a claim under the RICO

21  Act and (2) that Sonic fails to state facts demonstrating an arbitrable controversy because

22  the alleged RICO violations fall outside the scope of the arbitration agreement.  Dkt. No.

23  15 at 3-5.  Defendants do not dispute the validity of the agreement.

24  **C.   Jurisdiction**

25      The Court has subject matter jurisdiction over this dispute under 18 U.S.C.

26  § 1964(c).  All parties have consented to the jurisdiction of a magistrate judge under

27  28 U.S.C. § 636(c).  Dkt. Nos. 20, 21

28  //

## II. STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") grants a United States district court authority to entertain a motion to compel arbitration if the court would have jurisdiction, "save for [the arbitration] agreement," over "a suit arising out of the controversy between the parties." 9 U.S.C. § 4.  To determine whether it has subject matter jurisdiction, a federal court must "look through" the motion to compel arbitration to the underlying substantive controversy between the parties. *Vaden v. Discover Bank*, 556 U.S. 49, 53 (2009).  The court considers whether the well-pleaded complaint states a cause of action that gives rise to federal subject matter jurisdiction. *Id.* at 60.

The FAA embodies the liberal federal policy favoring arbitration. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011).  "[A]rbitration is a matter of contract," *Rent-A-Center, West, Inc., v. Jackson*, 130 S. Ct. 2772, 2776 (2010).  Therefore, courts must place arbitration agreements on an equal footing with other contracts, *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006), and enforce them according to their terms, *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

When considering a motion to compel arbitration, a court "determin[es] (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.,* 533 F.3d 1114, 1119 (9th Cir. 2008); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  Where the parties do not challenge the validity of the agreement, the court considers "only whether the dispute is arbitrable, that is, whether it falls within the scope of the parties' agreement to arbitrate." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000).  In evaluating the scope of the arbitration agreement, the court's role is "strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Id.*  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

1

**III. DISCUSSION**

2

**A.     This Court Has Subject Matter Jurisdiction.**

3        The RICO Act provides a federal cause of action for any individual injured in their

4    business or property arising out of a violation of the Act.  18 U.S.C. § 1964(c).  To state a

5    cause of action under the RICO Act, a plaintiff must allege a pattern of racketeering activity

6    that has caused harm to his business or property.  18 U.S.C. § 1964.  An individual violates

7    the RICO Act when he uses or invests any income or the proceeds of income received from

8    a pattern of racketeering activity in any enterprise affecting interstate commerce.  18 U.S.C.

9    § 1962(a).  A pattern of racketeering activity requires at least two acts of racketeering

10   activity, as defined by the Act, committed within ten years of one another.  18 U.S.C.

11   § 1961(5).  "Racketeering activity" is defined broadly, and the predicate offenses are

12   numerous.  *See* 18 U.S.C. § 1961(1)(B).

13       Here, Sonic alleges that the defendants purchased and resold vehicles in violation of

14   company policy and at a loss to Sonic, and misappropriated confidential dealership

15   information regarding Sonic's customers.  Sonic also alleges that defendants "acted in

16   concert with each other to broker a sale of a luxury vehicle" in return for a "kick-back to

17   defendants and their competing corporate entity."  Dkt. No. 1 at 7.  In addition, Sonic

18   alleges that defendant Faizi made a $15,000 profit on the improper resale of a vehicle he

19   had purchased from Sonic.  *Id.*  Sonic states that defendants "accomplished this . . . through

20   the use of wire transactions and in fact used financial institutions and financial instruments

21   to perpetrate this fraud."  Wire fraud is one of the many offenses that constitute racketeering

22   activity.  18 U.S.C. § 1961(1)(B).  Another predicate act of a RICO claim is engaging or

23   attempting to engage "in a monetary transaction in criminal derived property of a value

24   greater than $10,000."  18 U.S.C. § 1957.  Sonic states that the alleged frauds took place

25   beginning in May of 2009, well within the ten year period prescribed by the RICO Act.

26       Defendants argue that Sonic fails to state any facts that state a claim under RICO, and

27   cite to a California Court of Appeal case for the proposition that Sonic must allege specific

28   facts in order to confer subject matter jurisdiction.  Dkt. No. 15 at 3-4.  Notwithstanding

Case No. 12-cv-04537 NC
ORDER GRANTING MOTION TO                            4
COMPEL ARBITRATION

1  defendants' misuse of authority, their argument conflates an analysis under Federal Rule of

2  Civil Procedure 12(b)(6), which allows dismissal of an action when a plaintiff fails to state

3  a claim, with an analysis of federal subject matter jurisdiction.  At this stage, the Court does

4  not assess whether Sonic's claims have merit, or whether they are sufficient to survive a

5  motion to dismiss, but simply whether the facts alleged confer subject matter jurisdiction.

6  Here, they do.  The Court expresses no opinion on the sufficiency of Sonic's allegations,

7  but finds that it has pleaded a right conferred under federal law, which is all that is required

8  for federal question jurisdiction.

9  **B.    Sonic's Claims Fall Within the Scope of the Arbitration Agreement.**

10        Questions of arbitrability must be addressed with a healthy regard for the federal

11  policy favoring arbitration.  *Moses H. Cone*, 460 U.S. at 24.  The burden on the moving

12  party is light; even "the most minimal indication of the parties' intent to arbitrate must be

13  given full effect."  *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir.

14  1991).

15        The arbitration clause states that the parties agree that "any claim, dispute, and/or

16  controversy that either party may have against one another . . . which would otherwise

17  require or allow resort to any court or other governmental dispute resolution forum . . .

18  arising from, related to, or having any relationship or connection whatsoever with

19  [defendants'] seeking employment with, employment by, or other association with [Sonic],

20  whether based on tort, contract, statutory, or equitable law, or otherwise . . . shall be

21  submitted to and determined exclusively by binding arbitration."  Dkt. No. 4 at 5.  Sonic

22  claims that defendants profited from financial incentives and selling vehicles they had

23  purchased at discounted prices—ostensibly available to them because of their employment

24  with Sonic—formed a competing company, took kick-backs from competitors, and

25  misappropriated customer data.  This conduct, Sonic alleges, was in breach of defendants'

26  fiduciary duties and constitutes a pattern of racketeering.  Furthermore, Sonic alleges that

27  defendants were employees at the time of the alleged conduct.  Many of the harms alleged

28  by Sonic, such as breach of duty of loyalty by conspiring with competitors, are only

Case No. 12-cv-04537 NC
ORDER GRANTING MOTION TO                    5
COMPEL ARBITRATION

actionable because defendants were employees at the time.  And, it appears from the facts alleged that defendants' employment with Sonic gave them access and the opportunity to misappropriate data, sell cars at a loss, and collude with competitors.  Sonic's claims arise from and have a connection to defendants' employment with Sonic, and are therefore arbitrable.

## IV. CONCLUSION

Because Sonic's claims against the defendants arise within the scope of their agreement to arbitrate, Sonic's motion to compel arbitration is GRANTED.

IT IS SO ORDERED.

Date: December 5, 2012

Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-04537 NC
ORDER GRANTING MOTION TO
COMPEL ARBITRATION

6